UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

Charles Loiacono,

        Plaintiff,

v.

The Lincoln National Life
Insurance Company,

        Defendant.
_____/

## COMPLAINT

Plaintiff, Charles Loiacono, by and through the undersigned attorney, sues the Defendant, The Lincoln National Life Insurance Company and states:

1. This is an action to recover Long Term Disability Benefits and declare rights pursuant to 29 USC Section 1132 et. seq.

## Parties & Jurisdiction

2. Plaintiff, Charles Loiacono is a resident of Palm Beach County and is sui juris.

3. At all material times hereto, Plaintiff was an employee at Braman Management Association. Plaintiff is a participant and beneficiary as defined by 29 U.S.C. 1002 of his employer's employee welfare benefit plan that included Long Term Disability Benefits.

4. Defendant, The Lincoln National Life Insurance Company, administers the claims for Braman Management Association and is a fiduciary pursuant to the Plan.

5. Defendant The Lincoln National Life Insurance Company, was and does business in Palm Beach County and is sui juris.

6. Plaintiff has complied with all prior requirements and conditions precedent necessary for the filing of this lawsuit,

7. Plaintiff has exhausted the administrative remedies made available by Defendant.

8. Venue is proper in this district as a substantial part of the events giving rise to Plaintiff's claim occurred here.

9. Pursuant to 29 U.S.C. §1132(h), this Amended Complaint has been served upon the Secretary of Labor, Pension and Welfare Benefits Administration at 200 Constitution Avenue N.W., Washington, D.C. 20210 and the Secretary of the Treasury at 111 Constitution Avenue N.W., Washington, D.C. 20224 by certified mail return receipt requested.

## Statement of Facts

10. Plaintiff has been a long term employee of the Braman Management Association. Plaintiff then developed left cerebellar hemangioblastoma that required surgical removal of the brain tumor and other medical conditions.

11. The surgery, while successful in removing the tumor, left residual symptoms that prevents the Plaintiff from working. Having the piece of brain removed caused symptoms that include; dysfluent speech and pressured speech, memory problems, executive functioning problems, confusion, distractability, difficulty concentrating, ongoing balance problem with periodic falls, depression, left hand weakness and loss of coordination, driving problems, weakness, dizziness, gait dysfunction, headaches and other physical and cognitive symptoms.

12. Plaintiff properly made a claim for Long Term Disability Benefits under the terms of the plan. Defendant provided benefits at first and then ceased providing benefits. Plaintiff properly exhausted the appeal and administrative process for the termination of benefits.

13. Since termination of benefits, Defendant has failed to provide the Long Term

Disability Benefits that the Plaintiff qualifies for.

14. Defendant owes a fiduciary duty to Plaintiff to act in the best interest of the Plaintiff and plan for the sole purpose of providing benefits to Plaintiff.

## STANDARD OF REVIEW

15. Plaintiff is entitled to a de novo review of all issues regarding the interpretation of the Plan documents and terms of the Plan for Long Term Disability Benefits. The Plan document does not grant Defendant the discretion to interpret the terms of the Plan or the application of the terms of the Plan for Long Term Disability Benefits. Plaintiff alleges that Defendant's bad faith administration of Plaintiff's claims demands that this Honorable Court give Defendant's denial of Plaintiff's claims a de novo review. Further, Defendants have intentionally or negligently misinterpreted the terms of the Plan and such interpretations should be given a de novo review.

16. Plaintiff is also entitled to a de novo review of his claims to the extent allowed by law due to Defendant's failure to act in good faith in their review, investigation and determination of Plaintiff's claim as well as their bad faith exhibited in their violation of federal regulations.

17. Plaintiff is also entitled to a de novo review of the Defendant's factual conclusions made in their wrongful determination to terminate Plaintiff's claim to Long Term Disability Benefits and, upon de novo review, a finding that Defendant abused its discretion in denying Plaintiff's claims.

18. Plaintiff is entitled to the application of Florida law in the interpretation of the contract forming the terms of the Plan as well as the application of the terms regarding Plaintiff's legal and equitable remedies against Defendant.

## DEFENDANT'S CONFLICT OF INTEREST

19. Defendant is an insurance company acting as both claims administrator and claims fiduciary to Plaintiff and the Plan. As such, Defendant suffers an inherent conflict as both insurer and fiduciary and its factual findings and conclusions in denying Plaintiff's rightful claims are to be considered with less deference upon review.

20. In addition, Plaintiff has reason to believe that Defendant rewards its administrators and fiduciaries with monetary rewards for the denial of claims among several other known tactics directed at the illegal and self serving denial of proper claims for Plan benefits. These practices of Defendant which were utilized in the denial of Plaintiff's claims, indicate a level of conflict of interest that is in direct violation of the terms of ERISA and the trust laws concerning the duties of a fiduciary.

21. As a result of Defendant's high degree of conflict inherent in the handling and determination of Plaintiff's claim, the Court should apply a far less deferential standard in the de novo review of the Defendant's factual findings and determinations.

## Count 1-Claim for Long Term Disability Benefits

Plaintiff reallges and reavers paragraphs 1 through 21 and adds the following:

22. Pursuant to the terms of the Plan, Plaintiff is entitled to receive, as a participant and beneficiary of the plan, Long Term Disability Benefits as defined by the plan.

23. Plaintiff has been disabled under the terms of the plan since 2012.

24. On April 15, 2014, Defendant wrongfully denied Plaintiff's Long Term Disability Benefits application without substantial evidence in support of its decision.

25. Defendant denied Plaintiff's benefits by:

    a. Irrationally and improperly applying terms of the Plan to Plaintiff;

    b. Misquoting medical evidence in an improper effort to deny benefits;

    c.    Ignoring documented deficiencies that show physically, neurological and congnitive problems found in the records submitted.

    d.    Citing medical reasons in support of its position that have nothing to do with the disability claimed by Plaintiff the MRI does not show motor weakness when that is not the proper test to evaluate weakness; and,

    e.    Never sending Plaintiff for a medical examination by a physician.

26. Pursuant to the Plan's terms, Plaintiff timely appealed this decision. Defendant still denied the claim.

27. According to the terms of the Plan, Defendant has abused its discretion, acted arbitrarily and capriciously, and breached its fiduciary duty owed to Plaintiff in the denial of Plaintiff's Long Term Disability Benefits.

28. Plaintiff is entitled to the full amount of Long Term Disability Benefits provided under the Plan from 2014 until the age of termination. Plaintiff has met and continues to meet the definitions, criteria and requirements of the terms of the Plan in order to lawfully receive his Long Term Disability Benefits.

29. Defendant has failed to produce substantial evidence in support of its denial of Plaintiff's claim.

30. As a result of Defendant's abuse of discretion, acts of bad faith and violations of administrative regulations, Plaintiff is entitled to immediate payment of all past due Long Term Disability Benefits, as well as interest at the highest rate allowed by law and regular monthly payments of benefits under the terms of the Plan.

**WHEREFORE**, Plaintiff, demands judgement against the Defendant, The Lincoln National Life Insurance Company, for damages, back benefits, future benefits, attorneys fees and costs pursuant to 29 U.S.C. 1132 and interest for back benefits at the highest statutory amount and further demand trial by jury of all issues so triable.

Dated: August 6, 2015

**METNICK, LEVY & DYSON**
*Attorneys for Plaintiff*
15300 Jog Road, Suite 103
Delray Beach, FL  33446
(561) 498-9979 Phone
(561) 498-9987 Fax


By: s/*Peter A. Dyson, Esq.*
Fla. Bar No: 40953
Pleadings@metnickandlevy.com
Peterdyson@metnickandlevy.com
Lizdemond@metnickandlevy.com